IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ADAM R. DeLEON, | ) | CASE NO. 3:06 CV 3020 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| ERNIE MOORE, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is Adam DeLeon's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.[2] DeLeon is currently incarcerated at the Lebanon Correctional Institution in Lebanon, Ohio, where he is serving a ten-year term for drug possession.[3] The Defiance County Court of Common Pleas imposed the sentence in 2004 after DeLeon pled guilty to one count of possession of cocaine.[4]

In his petition, DeLeon contends that the trial judge unconstitutionally enhanced his sentence beyond the statutory minimum by judicial fact-finding[5] and that he received

---

[1] ECF # 4.

[2] ECF # 1.

[3] *Id*. at 1.

[4] *Id.*

[5] *Id.* at 6.

ineffective assistance from both his trial[6] and appellate counsel.[7] The State argues that, because DeLeon has not exhausted his first and third grounds for relief, the entire petition must be dismissed.[8] DeLeon filed no traverse.

For the reasons that follow, I recommend finding that, even though DeLeon has not exhausted all grounds for relief, the petition be denied as without merit.

## Facts

**A.   Offense and plea bargain**

As related by the state appellate court,[9] DeLeon was a passenger in a car stopped in 2004 by a drug task force based on information that the car was transporting drugs between Texas and Defiance, Ohio.[10] DeLeon, who was just 18 years old but had a previous record,[11] occupied the car with three other adults and a small child.[12] After a walk around of the

---

[6] *Id.* at 7.

[7] *Id.* at 9.

[8] ECF # 7 at 8-9.

[9] Factual findings made by the state appeals court on its review of the record are presumed correct by the federal habeas court. *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[10] ECF # 8 (state court record) (appeals court decision) at 140.

[11] *Id.* at 14 (The reference here is to DeLeon's appeals brief, which cites the relevant parts of the trial transcript. The original transcript was not filed by the State.). DeLeon had a record of various juvenile offenses that the trial court characterized as "demonstrat[ing] a significant involvement in the drug culture throughout his life." The court added, "Even though he's a relatively young man, he's a rather experienced criminal already."

[12] *Id.* at 140.

exterior by a K-9 unit suggested the presence of drugs,[13] a search of the car by officers of the task force turned up 29 bricks of marijuana hidden in a speaker in the car's trunk and a brick of cocaine hidden in a diaper bag in the front seat.[14] The police arrested DeLeon and the other adults.[15]

The Defiance County Grand Jury indicted DeLeon on one count of possessing cocaine in an amount exceeding 1,000 grams with a major drug offender specification; one count of trafficking in cocaine in an amount exceeding 1,000 grams with a major drug offender specification; one count of possessing marijuana, and one count of trafficking in marijuana.[16]

At arraignment, DeLeon pled not guilty and began plea discussions.[17] As a result, the State agreed to drop all but the single charge of possession of cocaine, if DeLeon would plead guilty to that charge, and to recommend a sentence of 10 years.[18] Under this bargain, DeLeon pled guilty to the charge of possessing cocaine, the State dropped the other charges, and the trial court accepted the deal, sentencing DeLeon to the agreed-upon 10-year term of incarceration and to a mandatory $10,000 fine.[19]

---

[13] *Id.*

[14] *Id.* at 141.

[15] *Id.*

[16] *Id.* at 001-02.

[17] *Id.* at 142.

[18] *Id.*

[19] *Id.* at 003-06.

**B.     Direct appeal**

DeLeon, now represented by different appointed counsel, timely appealed from his conviction and sentencing, raising the following three assignments of error:

1.  The trial court erred in sentencing the defendant to maximum time of incarceration.

2.  Whether appellant was denied effective assistance of counsel under Article I, Section 10 of the Ohio Constitution and the Sixth Amendment of the United States Constitution.

3.  The trial court erred when it sentenced appellant to non-minimum, maximum sentences based on facts not found by the jury or admitted by appellant.[20]

The State filed a response.[21] The Ohio appeals court overruled all of DeLeon's assignments of error, affirming his conviction and sentence.[22] Significantly, DeLeon did not appeal this decision to the Supreme Court of Ohio.[23]

---

[20] *Id.* at 012.

[21] *Id.* at 074-92.

[22] *Id.* at 140-46

[23] *See*, ECF # 7 (return of writ) at 2.

C.     **Delayed application to re-open the appeal**

Almost a year after the denial of his direct appeal, DeLeon, *pro se*, filed a delayed Ohio Appellate Rule 26(b) application to re-open his direct appeal.[24] In this application, DeLeon raised the following four claims:[25]

    1.    Ineffective assistance of counsel for not filing a motion to suppress.

    2.    Ineffective assistance of counsel for not arguing the "Terry Stop."

    3.    The clerk failed to notify the defendant.[26]

    4.    The 10-year sentence violates *Blakely*[27] and *Apprendi*.[28,29]

The State filed a response, contending first that DeLeon had shown no good cause for not timely filing his Rule 26(B) application.[30] Specifically, the State observed that since DeLeon was represented by counsel on his direct appeal, any notice of the decision in that appeal would have went to counsel, not to him personally.[31] Because DeLeon offered no

---

[24] ECF # 8 at 147-60.

[25] The State's return of writ lists only three claims. ECF # 7 at 3. However, while DeLeon has only three claims in the table of contents to his brief (ECF # 8 at 148), he does advance the fourth claim, labeled as "error number 4," in the body of his brief in support. (*Id.* at 156.)

[26] ECF # 8 at 148.

[27] *Blakely v. Washington*, 542 U.S. 296 (2004).

[28] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[29] ECF # 8 at 156.

[30] *Id.* at 181.

[31] *Id.*

other reason to excuse the untimely filing, the State argued that the excuse had no merit.[32] Moreover, the State maintained that DeLeon's ineffectiveness of counsel claims had no merit or were barred by res judicata.[33]

The Ohio appeals court, in a brief, two-page decision, first rejected the delayed application as untimely, finding that DeLeon had filed beyond the 90-day period and had not shown good cause for this failure to timely file.[34] In addition, the appellate court alternatively found that DeLeon's ineffective assistance arguments had no merit.[35]

DeLeon then sought review of this decision in the Ohio Supreme Court.[36] In his jurisdictional memorandum, DeLeon asserted three propositions of law:[37]

1. The failure of the clerk of courts of Defiance, Ohio to inform Mr. DeLeon about the denial of his appeal; (a violation of App. R. 30 and due process).

2. The failure of the courts for [sic] allowing illegally obtained evidence to be entered as credible evidence. (evidence from a traffic stop and search, a violation from [sic] "Terry Stop" under the 4th Amendment).

---

[32] *Id.*

[33] *Id.* at 182-83.

[34] *Id.* at 184.

[35] *Id.* at 184-85.

[36] *Id.* at 186-88.

[37] *Id.* at 190-97. DeLeon improperly titled his claims before the Ohio Supreme Court as assignments of error, rather than correctly as propositions of law.

    3.    The failure of the court appointed attorney for [sic] not raising any of these issues; a violation of *Strickland v. Washington*.[38]

The State did not submit a response, and the Ohio Supreme Court, without opinion, dismissed the appeal as not involving any substantial constitutional question.[39]

### D. Federal habeas petition

DeLeon filed the present petition for federal habeas relief on December 19, 2006, in asserting three grounds for relief:

    1.    Petitioner was denied due process and the right to trial by jury by judicial fact finding based sentence enhancement beyond statutory maximum (sic). Petitioner's maximum sentence under relevant statutes, absent additional fact findings beyond those set forth in the indictment and admitted by Petitioner is three (3) years. The court engaged in judicial fact findings for elements not alleged in the indictment or admitted by petitioner to increase petitioner's sentence over three-fold, with no notice or opportunity to be heard, and violation of jury rights (sic). [40]

    2.    Petitioner was deprived of effective appellate counsel, violating the Sixth and Fourteenth Amendments. Appointed appellate counsel failed to notify petitioner of the fact that the appeal had been decided, prejudicing the ability to properly preserve and exhaust the issue for federal review.[41]

    3.    Petitioner was deprived of the effective assistance of counsel at trial, in violation of the 6th and 14th Amendments. Petitioner's trial counsel failed to even test, by pre-trial motion to suppress, the illegality of the

---

[38] *Id.* at 192.

[39] *Id.* at 200.

[40] ECF # 1 at 6.

[41] *Id.* at 7.

> search and seizure; failed to file an affidavit of indigency to dispel the unduly onerous fine imposed.[42]

As noted, the State filed a return of writ, arguing that since DeLeon did not appeal from the state appellate court decision on direct appeal, which denied relief on habeas grounds for relief one and three, and further since he still may file a motion for delayed appeal to the Ohio Supreme Court as to these grounds, this Court should find the petition unexhausted and dismiss it.[43] DeLeon has not filed a traverse.

## Analysis

**A. Standard of review – exhaustion**

A federal habeas petitioner must totally exhaust the judicial remedies available to him at the state level before seeking relief in the federal court.[44] This requirement means that the petitioner must submit his claims to one full round of the state's established review procedures.[45] A petition must be dismissed for lack of exhaustion if it contains even one claim that was not presented to one full round of the state courts so long as a remedy is still available for petitioner to pursue in state court.[46]

---

[42] *Id*. at 9.

[43] ECF # 7 at 8-9.

[44] *Rhines v. Weber*, 544 U.S. 269, 274 (2005).

[45] *O'Sullivan v. Boerkel*, 526 U.S. 838, 842 (1999).

[46] *Rose v. Lundy*, 455 U.S. 509, 518-20 (1982).

Alternatively, under limited circumstances, the court may stay and abey a mixed petition containing both exhausted and unexhausted claims.[47] However, as the Supreme Court observed in *Rhines v. Weber*, stay and abeyance is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."[48] Morever, even if good cause exists for the failure to previously exhaust a claim, "the district court would abuse its discretion if it were to grant [the petitioner] a stay when his unexhausted claims are plainly meritless."[49] Indeed, the statute provides for dismissal of the petition on the merits notwithstanding the failure of the petitioner to exhaust the remedies available in state court.[50]

**B.     DeLeon has not exhausted all his grounds for relief. However, stay and abeyance would not be appropriate. Even if, arguably, he can show his failure to exhaust was due to his appellate counsel's failure to timely inform him of the results of his appeal, his substantive grounds for relief are without merit.**

As the State correctly observes, DeLeon claims his petition for habeas relief has not been fully exhausted because it contains grounds for relief never presented to the Ohio Supreme Court. DeLeon appears to at least tacitly concede this argument by contending in ground two of the petition that his appellate counsel failed to timely notify him of the results of the appeal so that he could have then timely sought review in the Ohio Supreme Court.

---

[47] *Rhines*, 544 U.S. at 276.

[48] *Id.*, at 277.

[49] *Id.*

[50] 28 U.S.C. § 2254(b)(2); *Williams v. Bobby*, No. 1:06CV2032, 2007 WL 2156402, at *8 (N.D. Ohio July 29, 2007).

DeLeon's second ground for habeas relief – that his appellate counsel provided ineffective assistance by not timely notifying DeLeon of the results of his direct appeal – is exhausted. Morever, that ground potentially has merit.[51] In this petition's procedural posture, ground two is essentially an argument for good cause to excuse the failure to exhaust grounds one and three, thus permitting a return to the state court under stay and abeyance.[52]

Analyzed as such, I recommend considering this petition as a mixed petition and focusing on the second *Rhines* factor for denying stay and abeyance – the plainly meritless nature of the two substantive claims.

Initially, as to the ground one claim that the trial judge impermissibly made factual findings to arrive at the greater than maximum sentence, that sentence was exactly what DeLeon bargained for in his plea deal. Even though the trial judge, after first accepting the plea, chose to articulate an alternative ground for the sentence, that sentence "arose directly from the plea agreement itself and not any judicially found facts."[53] Thus, no *Blakely* or *Apprendi* occurred, and DeLeon's claim of such a violation has no merit.

---

[51] *Smith v. Ohio Dept. of Rehab. & Corrs.*, 463 F.3d 426, 433-35 (6th Cir. 2006).

[52] If there were no further available state remedies, it would be the cause component of a cause and prejudice argument to excuse the waiver or procedural default of the substantive claims. However, because there are still state remedies available, the claims not presented to the state supreme court are considered unexhausted, not waived or procedurally defaulted.

[53] *Warren v. Warden*, No. 1:06-CV-534, 2008 WL 1732976, at *16 (S.D. Ohio Apr. 10, 2008) (citation omitted); *Rockwell v. Hudson*, 5:06-CV-391, 2007 WL 892985, at *7 (N.D. Ohio Mar. 21, 2007) "[T]he trial court in this case [of an agreed-to sentence], did not base the sentence on [impermissible] factual findings, but rather accepted and imposed the jointly recommended sentence which was presented by the parties."

Further, DeLeon's guilty plea – the validity of which has never been challenged by DeLeon in any forum – precludes any claim of ineffective assistance of his trial counsel. "Claims about the deprivation of constitutional rights that occurred before [a] guilty plea ... are foreclosed by [the] guilty plea."[54] As the Sixth Circuit has stated, "[a] voluntary and unconditional guilty plea waives all nonjurisdictional defects in the proceedings."[55]

In this case, DeLeon's plea of guilty, which appears to have been unconditional,[56] would now waive any claim for habeas relief arising out of any alleged constitutional, nonjurisdictional defect that occurred prior to the trial court accepting the plea. Accordingly, DeLeon's other substantive claim is also without merit.

## Conclusion

Even though DeLeon's petition is not fully exhausted, the unexhausted claims have no merit. I recommend the denial of this petition with prejudice.

Dated: November 18, 2008            s/ William H. Baughman, Jr.
                                    United States Magistrate Judge

---

[54] *United States v. Broce*, 488 U.S. 563, 569 (1989).

[55] *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001).

[56] *See*, ECF # 8 at 004. The judgment entry contains a restatement of the elements of the plea colloquy, and here includes the statement that the trial court advised DeLeon, prior to accepting his plea, that "any right of appeal would be greatly diminished" by the acceptance of the plea. This statement, and the absence of any references in this portion of the restatement of the plea colloquy to any specific reserved rights of appeal, compel the conclusion that DeLeon's guilty plea was unconditional.

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[57]

---

[57] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).